FARMERS & MERCHANTS BANK, APPELLEE, V. R. C. ALDERMAN ET AL., APPELLANTS.

FILED JULY 7, 1924.   No. 22854.

Banks and Banking: AUTHORITY OF CASHIER: ESTOPPEL. Where the entire management of a bank is entrusted to the cashier, the bank will not be heard to deny the authority of the cashier to do an act in the corporate behalf which the charter or law does not prohibit and forbid a cashier to do.

APPEAL from the district court for Douglas county: ARTHUR C. WAKELEY, JUDGE. *Affirmed on condition.*

*McKenzie, Burton & Harris,* for appellants.

*P. N. Johnston* and *R. A. Van Orsdel, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE and THOMPSON, JJ., and BLACKLEDGE, District Judge.

BLACKLEDGE, District Judge.
Action by Farmers & Merchants Bank of Walton, Ne-

braska, against R. C. Alderman and his wife, Daisy D. Alderman, upon a promissory note executed by them January 1, 1921, to L. A. Berge as payee, it being alleged that the plaintiff became the owner in due course of the note before its maturity.

It appears without dispute in the evidence that Berge, the payee, was cashier and sole managing officer of the bank, having full charge of its business. The note is indorsed in blank by the pencil signature of Berge, and under his direction, on or about January 12, it was entered as a note of the bank in its register of bills receivable, Berge given credit in his individual account for the amount thereof and the note thereafter carried as a bank asset upon its books. The note matured March 1, 1921, and on March 21 Berge, with the note in his possession, called on the makers, where Alderman was in business in Omaha, for the purpose of making collection.

Alderman being unable to pay in money, after some negotiations they entered into a written agreement as follows:

"This is to show that I have this day purchased from R. C. Alderman, one Ford Sedan car, formerly owned by one W. N. Hill of Omaha, who is to send me a bill of sale within a few days, and as soon as received, I am to mail him his $1,000 note signed by himself, and of which is in full settlement of all accounts between us and the F. & M. Bank, Walton, Neb.

                              "L. A. Berge,
                              "R. C. Alderman."

The bill of sale was duly sent by Alderman and received by Berge, who took possession of the automobile, but failed to cancel or deliver to Alderman his note. The following May the bank was taken in charge by the state department of banking. The note in controversy was in the bank, and Alderman refusing payment and claiming payment to have been made by the transaction evidenced by the writing above set out, this case was commenced July 12, 1921.

Upon the trial the district court, under the theory that

Berge as cashier of the bank had no authority to bind it by taking the automobile in payment of the note, instructed the jury that, if they should find plaintiff was the owner of the note at the time of said transaction, then the verdict should be for the plaintiff for the amount due on the note. Under the evidence this was tantamount to an instruction to find for the plaintiff.

Without in any way recognizing a broader power or authority in the cashier of a bank than is indicated by the cases cited in argument (*Bank of Commerce v. Hart,* 37 Neb. 197; *Jones v. First Nat. Bank,* 3 Neb. (Unof.) 73; *State v. American State Bank,* 108 Neb. 98), we think it clear that this case rests upon somewhat different principles. Here the cashier was in complete control of the affairs of the bank as its managing officer and conducted its business. The bank had authority to make such a settlement. The maker dealt with the only person known to him to have, or to have had, any connection with the note as payee or owner. He had the note in possession, after maturity, with nothing upon it to indicate any limitation of his authority. If it was the property of Berge, he undoubtedly had authority to make the settlement. If it was the property of the bank, Berge also was the only person conducting the business of the bank. Alderman is not shown to have had any knowledge of the entries in the bank's books in reference to the note, or any notice that the bank claimed to own it. His explicit denial in this regard is not contradicted. It is urged that, because Alderman caused to be inserted in the writing when it was executed the final words, "and the F. & M. Bank, Walton, Neb.," notice should be imputed to him of some conflicting interest on the part of the bank; but, under the circumstances, and it being known that Berge, to whom the note was originally made, was also conducting the business of the bank, we consider that request on the part of Alderman as no more than reasonable precaution in which any prudent business man would be justified. The results show it to have been wise. It was, therefore, immaterial whether in the settlement, evi-

denced by the writing hereinbefore set out, Berge was acting for himself or for the bank. His authority was apparent and sufficient in either case and the owner was bound by his act. *Davenport v. Stone,* 104 Mich. 521, 53 Am. St. Rep. 467. The defendant in good faith parted with a valuable consideration and, not being chargeable with negligence or with notice of conflicting claims, should not be made to suffer the loss.

But for the fact that it appears in the record that the proceeds of a subsequent sale of the automobile in the sum of $398.55 came into the hands of defendant, and was originally tendered by him in this suit, the judgment should be reversed, with directions to enter a judgment for defendant. Upon this item there is, likewise, no conflict of testimony. The defendant's statement to the effect that, after having made his answer and tender thereby, the bank refusing to accept it, he applied the money on some other disconnected account due to him from Berge, who, although named as a party, was not served with process and never appeared in the suit, cannot be allowed to control its disposition here. The right result will be reached and a termination of the litigation hastened by allowing plaintiff to file within 20 days a remittitur in this court of all its judgment as of the date thereof, in excess of said $398.55. If so filed, the judgment will be affirmed for that sum; otherwise it will be reversed and remanded for further proceedings.

AFFIRMED ON CONDITION.

Note—See Banks and Banking, 7 C. J. p. 539, sec. 142.